# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| John Hugh Gilmore,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>City of Minneapolis and Police Officers of the City of Minneapolis John Doe 1 – 5, in both their official and individual capacities,<br><br>　　　　Defendants. | COURT FILE NO. 13-cv-01019<br>　　　　　　　　　(JRT/FLN)<br><br>**JOINT ANSWER OF DEFENDANTS TO FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants, for their Answer to the First Amended Complaint of Plaintiff, state and allege as follows: Unless specifically admitted, denied, or otherwise pled below, Defendants deny each and every allegation contained in the First Amended Complaint.  Defendants:

　　　1.　　Admit that Plaintiff brings this action pursuant to 42 U.S.C. § 1983, the First, Fourth, and Fourteenth Amendments to the United States Constitution and 28 U.S.C. §§ 1331, 1343, and 1367.  Deny the remaining allegations set forth in paragraph 1 of the First Amended Complaint.

　　　2.　　Deny the allegations in paragraph 2 of the First Amended Complaint.

3. Deny the allegations in paragraph 3 of the First Amended Complaint.

4. Admit venue is proper in this district.

## PLAINTIFF

5. Lack sufficient information to admit or deny the allegations in paragraph 5 of the First Amended Complaint.

## DEFENDANTS

6. Admit the allegations in paragraph 6 of the First Amended Complaint.

7. The allegations in paragraph 7 of the First Amended Complaint are legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations.

## COMMON ALLEGATIONS

8. Repeat all responses above.

9. Admit that, at approximate 10:30 p.m. on the night of June 16, 2011, Plaintiff was present in the restaurant and bar the "News Room" located at 990 Nicollet Mall, Minneapolis, MN. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 9 of the First Amended Complaint.

10. Admit that two uniformed officers of the Minneapolis Police Department (MPD) entered the News Room while Plaintiff was present on the night of June 16, 2011. Admit that these officers requested that Plaintiff speak with them outside of the News Room. Affirmatively state that the officers requested to speak with Plaintiff in order to investigate allegations of criminal behavior members of the public had made against the Plaintiff. Deny all remaining allegations in paragraph 10 of the First Amended Complaint.

11. Admit that the officers escorted Plaintiff out of the News Room, but deny that the officers "physically manhandled" or "dragged" the Plaintiff at any time. Deny all remaining allegations in paragraph 11 of the First Amended Complaint. Affirmatively state that Plaintiff refused to cooperate with the officers or their investigation.

12. Admit that Plaintiff was handcuffed and placed in the back of an MPD squad car. Deny all remaining allegations in paragraph 12 of the First Amended Complaint.

13. Deny the allegations in paragraph 13 of the First Amended Complaint.

14. Admit that the MPD sergeant supervising the officers who initially detained Plaintiff was not present at the scene of Plaintiff's arrest or criminal

activity on June 16, 2011. Deny all remaining allegations in paragraph 14 of the First Amended Complaint.

15. Lack sufficient information to admit or deny the allegations in paragraph 15 of the First Amended Complaint related to Plaintiff's footwear and food order at the News Room. Deny all remaining allegations in paragraph 15 of the First Amended Complaint.

16. Admit that Plaintiff was transferred to another MPD vehicle prior to being transported to jail. Deny all remaining allegations in paragraph 16 of the First Amended Complaint.

17. Deny the allegations in paragraph 17 of the First Amended Complaint.

18. Lack sufficient information to admit or deny the allegations in paragraph 18 of the First Amended Complaint related to Plaintiff's attendance at a political gathering with Andrew Breitbart. Admit, on information and belief, that Plaintiff shouted the name "Ayaan Hirsi Ali" at individuals on Nicollet Mall. Deny all remaining allegations in paragraph 18 of the First Amended Complaint.

19. Admit, on information and belief, that a conference named "Netroots Nation" was taking place in Minneapolis on June 16, 2011. Deny all remaining allegations in paragraph 19 of the First Amended Complaint.

20. Deny the allegations in paragraph 20 of the First Amended Complaint.

21. Deny the allegations in paragraph 21 of the First Amended Complaint.

22. Lack sufficient information to admit or deny the allegations in paragraph 22 of the First Amended Complaint related to Plaintiff's statements to others at the News Room prior to the arrival of MPD officers. Admit that MPD officers did not witness Plaintiff's initial altercation with members of the public on Nicollet Mall on the night of June 16, 2011. Affirmatively state that MPD officers interviewed a number of witnesses at the scene of the initial altercation. Deny all remaining allegations in paragraph 22 of the First Amended Complaint.

23. Admit, on information and belief, that Plaintiff was released on bail from the Hennepin County Adult Detention Center in the early morning hours of June 17, 2011. Lack sufficient information to admit or deny the remaining allegations in paragraph 23 of the First Amended Complaint.

24. Deny the allegations in paragraph 24 of the First Amended Complaint.

25. Admit that Plaintiff never appeared in person at the multiple court hearings held in the prosecution of the criminal charges against him that arose

out of the events of June 16, 2011 (the "Criminal Charges"). Deny the remaining allegations in paragraph 25 of the First Amended Complaint.

26. Admit that the Minneapolis City Attorney dismissed the Criminal Charges on or about March 6, 2012. Admit, on information and belief, that conservative blogger Andrew Breitbart died on or about March 1, 2012.

27. Deny the allegations in paragraph 27 of the First Amended Complaint.

28. Deny the allegations in paragraph 28 of the First Amended Complaint.

29. Deny the allegations in paragraph 29 of the First Amended Complaint.

## COUNT I – VIOLATION OF CONSITUTIONAL RIGHTS UNDER THE FIRST AMENDMENT (42 U.S.C. § 1983)

30. Repeat all responses above.

31. Deny the allegations in paragraph 31 of the First Amended Complaint.

32. Deny the allegations in paragraph 32 of the First Amended Complaint.

## COUNT II – VIOLATION OF CONSITUTIONAL RIGHTS UNDER THE FOURTH AMENDMENT (42 U.S.C. § 1983)

33. Repeat all responses above.

34. Deny the allegations in paragraph 34 of the First Amended Complaint.

35. Deny the allegations in paragraph 35 of the First Amended Complaint.

## COUNT III – VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE FOURTEENTH AMENDMENT (42 U.S.C. § 1983)

36. Repeat all responses above.

37. Deny the allegations in paragraph 37 of the First Amended Complaint.

38. Deny the allegations in paragraph 38 of the First Amended Complaint.

## COUNT IV – UNLAWFUL ARREST UNDER MINNESOTA LAW

39. Repeat all responses above.

40. Deny the allegations in paragraph 40 of the First Amended Complaint.

## SEPARATE DEFENSES

1. The First Amended Complaint fails to state a claim against Defendants upon which relief can be granted.

2. Defendants allege affirmatively that they are entitled to statutory immunity under Minnesota Statutes Chapter 466, qualified immunity, and official immunity from any liability in this action.

3.	Defendants allege that they are immune from liability in this action under the provisions of Minn. Stat. § 466.03, subd. 5 in that Plaintiff's claim is a claim based upon an act or omission of an officer or employee, exercising due care, in the execution of a valid or invalid statute, charter, ordinance, resolution or rule.

4.	Defendants allege affirmatively that they are immune from liability in this action under the provisions of Minn. Stat. § 466.03, subd. 6 in that Plaintiff's claim is a claim based upon the performance or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused.

5.	The acts upon which the First Amended Complaint is made were privileged, were based upon probable cause to believe the Plaintiff committed a criminal offense, were commanded or authorized by law, and were done in a reasonable and lawful manner under the circumstances, such Defendant Officers are immune from liability in this action, and that therefore the City of Minneapolis, if it is vicariously liable for any such acts, is vicariously immune.

6.	Defendants allege affirmatively that Plaintiff's injuries and damages, if any, were caused, contributed to, or brought about by Plaintiff's intentional or negligent acts or the actions of those over whom Defendants exercise no right of control and for whose actions Defendants are not legally responsible.

7. Defendant City of Minneapolis alleges that it is a municipality and therefore is immune from liability for punitive damages.

8. Defendant City of Minneapolis alleges affirmatively that it is a municipality, and therefore said Defendant is immune from liability for claims pursuant to 42 U.S.C. § 1983 that are based upon the concept of respondeat superior.

9. Defendants allege that Plaintiff voluntarily and unreasonably proceeded to encounter a known danger and therefore assumed the risk of any injury or damages.

10. Defendants allege affirmatively that the use of force, if any, was privileged under the common law and/or under Minnesota Statute.

11. Defendant City of Minneapolis alleges that the City of Minneapolis, through its policy-making officials, has no historical policy of deliberate indifference to unlawful arrest or excessive force by Minneapolis police officers and that all training and policies comply or exceed constitutional requirements.

12. Defendants specifically deny that Plaintiff has any right to attorneys' fees in this action.

13. Defendants allege that Plaintiff's damages, if any, were caused, contributed to, or brought about by Plaintiff's unlawful and illegal acts.

14. Defendants allege affirmatively that liability for any claim under the laws of the State of Minnesota is limited by Minn. Stat. § 466.04.

15. Plaintiff's injuries and damages, if any, were caused, contributed to, or worsened by Plaintiff's failure to mitigate alleged injuries and/or damages.

16. Defendants allege affirmatively that Plaintiff had knowledge, or in the exercise of reasonable care should have had knowledge, of each of the risks about which Plaintiff complains, and allege that if any risk inhered in the situation that gave rise to the First Amended Complaint, then Plaintiff voluntarily assumed such risk.

17. Defendants had justification for any of the actions complained of in the First Amended Complaint.

18. Defendants allege affirmatively that the acts upon which the First Amended Complaint was made were privileged, in that the acts were necessary to secure important governmental and public interests relative to public health, safety and welfare, there was a need for prompt action because of exigent circumstances, and Defendant City of Minneapolis kept strict control over the process involved so as to minimize any risk of wrongful, erroneous or unnecessary deprivation of life, liberty or property.

19. The John Doe Defendants have not been properly served with process.

20. The John Doe Defendants affirmatively deny that they have submitted to the jurisdiction of this Court absent proper service upon them.

WHEREFORE, Defendant prays for an Order of this Court as follows:

a. Dismissing the Plaintiff's First Amended Complaint on its merits and with prejudice.

b. Awarding Defendants all its costs and disbursements as allowed by law, including reasonable attorneys' fees.

c. For such other and further relief as this Court deems just and equitable.

Dated: May 23, 2013

SUSAN L. SEGAL
City Attorney
By
s/ *Sarah C.S. McLaren*
SARAH C.S. MCLAREN (#345878)
Assistant City Attorney
City Hall, Room 210
350 South 5th Street
Minneapolis, MN  55415
Telephone: (612) 673-2183
sarah.mclaren@minneapolismn.gov

**Attorneys for Defendants**