UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN HUGH GILMORE, | Civil No. 13-1019 (JRT/FLN) |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER ON FOURTH AMENDMENT SEIZURE-OF-PROPERTY CLAIM** |
| v. | |
| DEITAN DUBUC, *Police Officer of the City of Minneapolis*, | |
| Defendant. | |

Mark R. Miller, **MARK R. MILLER, PLLC**, 2885 Knox Avenue South, #406, Minneapolis, MN 55408, for plaintiff.

Sarah C. S. McLaren, Assistant City Attorney, **OFFICE OF THE MINNEAPOLIS CITY ATTORNEY**, 350 South Fifth Street, Room 210, Minneapolis, MN 55415, for defendant.

This case is scheduled for trial on June 16, 2015 on plaintiff John Hugh Gilmore's ("Gilmore") sole remaining claim: that defendant Deitan Dubuc ("Dubuc"), a Minneapolis police officer, destroyed Gilmore's political sign, in violation of his Fourth Amendment right to be free from an unreasonable seizure of his property. (Third Am. Compl. ¶¶ 34-35, Nov. 20, 2013, Docket No. 20); *see also Gilmore v. City of Minneapolis*, No. 13-1019, 2015 WL 1189832, at *14 (D. Minn. Mar. 16, 2015) (dismissing other claims at the summary judgment stage). In a May 11, 2015, letter to the Court, Dubuc argues for the first time that he is entitled to judgment as a matter of law because Gilmore only has a valid constitutional property claim in the absence of an adequate remedy under state law. (Letter to District Judge, May 11, 2015, Docket

No. 123); *Ali v. Ramsdell*, 423 F.3d 810, 814 (8th Cir. 2005) ("[A] majority of the [Supreme] Court in *Hudson* [*v. Palmer*, 468 U.S. 517, 533 (1984)] held that a Fourth Amendment property claim against state officials is barred by the availability of an adequate remedy under state law."). Dubuc contends that Minnesota Statute § 466.02 provides such a remedy. *See Hubenthal v. Winona Cnty.*, 751 F.2d 243, 246 (8th Cir. 1984) (concluding, implicitly, that Minnesota Statute § 466.02 provides an adequate state remedy for a claim that a deprivation of property violated due process rights, under *Hudson*). Dubuc also argues that because the Court previously held that arguable probable cause supports the arrest of Gilmore, the seizure of Gilmore's sign was lawful as a part of a standard search incident to arrest and taking and inventorying of an arrestee's personal property. *Arizona v. Gant*, 556 U.S. 332, 338 (2009).

In considering these arguments, it is necessary to break down the two primary types of constitutional property claims a plaintiff such as Gilmore can bring. A property claim can consist of a Fourth Amendment claim, challenging the seizure of property, or a Fourteenth Amendment due process claim, challenging the deprivation of property without due process. *See Powell v. Johnson*, 855 F. Supp. 2d 871, 873-74 (D. Minn. 2012) ("Plaintiffs invoke the Fourth and Fourteenth Amendments [in a complaint filed in response to a police officer's shooting of the plaintiffs' dog], and it might be possible to assert claims under both for [the dog's] shooting: unreasonable seizure under the former, and the taking of property without due process of law under the latter."). Here, Gilmore asserts only the former: an unreasonable seizure under the Fourth Amendment. (Third Am. Compl. ¶¶ 34-35.) His Fourteenth Amendment claim, which the Court dismissed in

its prior Order, involves only his allegedly unlawful arrest, not any deprivation of property.  (*Id.* ¶¶ 37-38.)

Dubuc's primary argument at this stage is that Gilmore has no constitutional claim when an adequate post-deprivation remedy exists at the state level, under the Supreme Court's decision in *Hudson*.  It is important to note, however, that many courts apply the *Hudson* doctrine only to Fourteenth Amendment due process clause claims, and not to Fourth Amendment seizure-of-property claims.  *Compare Ali*, 423 F.3d at 814, *with Byrd v. Stewart*, 811 F.2d 554, 554-55 (11th Cir. 1987) ("If plaintiff intends to allege that the officers have failed to return the items seized without due process of law, such a procedural due process claim would be barred by *Parratt v. Taylor*, 451 U.S. 527 (1981)[, a precursor to *Hudson*].  If the plaintiff intends to allege that the search and seizure itself was unlawful, such a fourth amendment claim would not be barred by the *Parratt* doctrine."), *and Wolf-Lillie v. Sonquist*, 699 F.2d 864, 871 (7th Cir. 1983) (noting that while the *Parratt* doctrine applies to Fourteenth Amendment due process claims, "[a]pplication of *Parratt* to substantive violations of the Constitution, such as the Fourth Amendment . . . is an entirely different matter"), *and Newsome v. Erwin*, 137 F. Supp. 2d 934, 943 n.9 (S.D. Ohio 2000) (same).[1]  Indeed, the cases Dubuc cites largely involve plaintiffs asserting Fourteenth Amendment due process claims (or, in one case, because

---

[1] *See generally* Fern Lynn Kletter, *Destruction of Property as Violation of Fourth Amendment*, 98 A.L.R. 5th 305.

an inventory search is involved, a claim asserted under the Fourth Amendment is analyzed under the Fourteenth Amendment instead).[2]

Focusing the *Hudson* rule on Fourteenth Amendment due process claims makes sense. It is in line with the actual holding in *Hudson*, 468 U.S. at 530-36, and reflects the fact that an alternative state process for recovering the value of retained or destroyed property logically and sensibly provides a remedy for a claim that state or local government has not provided adequate process in the course of taking said property. On the contrary, such a state remedy does not necessarily provide adequate redress for a substantive violation of Fourth Amendment rights. *See, e.g.*, *Newsome*, 137 F. Supp. 2d at 943 n.9. Moreover, it is not clear that *Ali* holds otherwise; instead, the *Ali* opinion simply paraphrases the *Hudson* Court as having made a conclusion about Fourth Amendment property claims. 423 F.3d at 814. However, contrary to the statement in *Ali*, the holding in *Hudson* involved a Fourteenth Amendment due process claim, not a Fourth Amendment property seizure claim. 468 U.S. at 530-36. As a result, the Court concludes

---

[2] *Burns v. Office of Attorney Gen.*, No. 05-858, 2009 WL 825778, at *20 (D. Minn. Mar. 27, 2009) (analyzing Fourth Amendment seizure-of-property claim under the Fourteenth Amendment because it occurred as a part of an inventory search); *McKinney v. Minnesota*, No. 08-3769, 2008 WL 4831762, at *4 (D. Minn. Nov. 3, 2008) ("The Supreme Court has held that an unauthorized intentional or negligent deprivation of property by a state employee does not constitute a **violation of due process** if a meaningful post-deprivation remedy for the loss is available." (emphasis added)); *Giddens v. Porras*, No. 05-1763, 2006 WL 2502261, at *7 (D. Minn. Aug. 29, 2006) ("The Plaintiff claims that he was deprived of his property without due process of law."). *But see Randle v. City of Minneapolis Police Dep't*, No. 06-859, 2007 WL 2580568, at *7 (D. Minn. Sept. 5, 2007) ("In sum, in challenging a property deprivation under the Fourth Amendment or the Due Process Clause, the claimant must either avail himself of the remedies guaranteed by state law or prove that the available remedies are inadequate." (internal quotation marks and alterations omitted)).

that, given the fact that Gilmore alleges a Fourth Amendment violation, Gilmore's Fourth Amendment claim is not barred as a matter of law under the *Hudson* doctrine.

Nevertheless, Gilmore's Fourth Amendment claim fails as a matter of law on alternative grounds. Numerous courts have held that the Fourth Amendment protects a person from the unreasonable **seizure** of personal property, but not against what happens to the property after seizure (i.e., prolonged or indefinite retention, damage, or destruction). *See Hudson*, 468 U.S. at 537-40 (O'Connor, J., concurring) (stating that if the seizure and indefinite retention of property is reasonable under the Fourth Amendment, "the handling [e.g., retention, destruction, or damage] of the property while in the government's custody is not itself of Fourth Amendment concern"); *Ali*, 423 F.3d at 814 ("We have considerable doubt whether an allegation that property appropriately seized in executing a valid search warrant but not inventoried and stored in the manner required by state law even states a claim under the Fourth Amendment."); *Shaul v. Cherry Valley-Springfield Cent. Sch. Dist.*, 363 F.3d 177, 187 (2d Cir. 2004) ("Where, as in this case, an initial seizure of property was reasonable, defendants' failure to return the items does not, by itself, state a separate Fourth Amendment claim of unreasonable seizure."); *Fox v. Van Oosterum*, 176 F.3d 342, 350-51 (6th Cir. 1999) ("If [the plaintiff] was complaining about **both** an illegal initial seizure of the license and an illegal refusal to return it, he would have both a Fourth Amendment claim and at least the first step toward a procedural due process claim, which we discussed above." (emphasis added)), *Hopkins v. City of Bloomington*, No. 12-1943, 2013 WL 5406671, at *10 (D. Minn. Sept. 25, 2013) ("Additionally, courts distinguishing between initial seizures and

continued possession for purposes of the Fourth Amendment have cited practical concerns with applying the Fourth Amendment reasonableness inquiry to any prolonged possession of seized property . . . . Accordingly, the Court concludes that [the plaintiff's] claim regarding the City's prolonged retention of the [property] does not raise a cognizable Fourth Amendment claim, and will dismiss this claim.").

Thus, under the **Fourth Amendment**, as opposed to the Fourteenth Amendment, the question is whether the **seizure –** as opposed to the alleged subsequent destruction – of Gilmore's sign was unreasonable. *Dixon v. Lowery*, 302 F.3d 857, 862 (8th Cir. 2002). The Court has already held that arguable probable cause supports the officers' decision to arrest Dubuc. *Gilmore*, 2015 WL 1189832, at *14. Thus, even if Gilmore is correct that Dubuc took the sign, the seizure of it was a lawful act, pursuant to the officers' ability to search Gilmore incident to arrest and hold and inventory his personal belongings.[3] *Moreno v. Turner*, 572 F. App'x 852, 857 (11th Cir. 2004) ("Because the warrantless arrest was supported by at least arguable probable cause, [the officer] was also entitled to search [the arrestee] incident to arrest."); *United State v. Baldenegro-Valdez*, 703 F.3d 1117, 1125 (8th Cir. 2013) ("In general, when taking custody of property such as a suspect's vehicle, law enforcement officers may conduct a warrantless search and inventory of the contents of the vehicle in order to protect the owner's property, to protect the police against claims of lost or stolen property, and to protect the police from

---

[3] Because the seizure at issue is of Gilmore's personal property incident to his lawful arrest at a public location, this case is different than a case in which a plaintiff alleges that an officer damaged personal property at the plaintiff's home during the execution of a search or arrest warrant (e.g., setting fire to a residence to flush out a fugitive). *Compare Ali*, 423 F.3d at 814, *with Lyles v. City of Barling*, 17 F. Supp. 2d 848, 858 (W.D. Ark. 1998).

potential danger."); *United States v. Lipscomb*, 435 F.2d 795, 800 (5th Cir. 1970). And because the seizure is all that is at issue, even if Gilmore is correct that Dubuc destroyed the sign, that fact is irrelevant to a **Fourth Amendment** claim. *Hopkins*, 2013 WL 5406671, at *10. In sum, in light of this Court's prior Order and the arguments raised in Dubuc's recent letter, it is apparent that Gilmore has no way to show that the **seizure** was unreasonable and therefore has no viable Fourth Amendment claim. The destruction of the sign could be challenged under the Fourteenth Amendment's due process clause, of course, but Gilmore made no such claim in his complaint and, in any event, such a claim would be barred due to the availability of alternative state process. *Ali*, 423 F.3d at 814.

Gilmore's chief response is that Dubuc's arguments – which he characterizes as affirmative defenses – are waived because Dubuc failed to raise them at summary judgment or in his answer, Fed. R. Civ. P. 8(c), and that this Court's prior Order denying summary judgment on the property claim already concluded that Gilmore had a valid claim, *Gilmore*, 2015 WL 1189832, at *14. As to the waiver issue, there is no doubt that Dubuc should have raised these legal arguments at an earlier stage of the proceedings. Doing so would have allowed both parties, and the Court, to address the case's issues more thoroughly at summary judgment. Nevertheless, Dubuc's new arguments, included in his recent letter, are not among the affirmative defenses listed in Rule 8(c), and Gilmore offers no support for the proposition that Dubuc's arguments are akin to affirmative defenses. Indeed, the legal reason that Gilmore's Fourth Amendment property claim fails – that the seizure is the only aspect of the claim he can challenge and that the seizure was valid because it occurred incident to an arrest this Court held was

supported by arguable probable cause – is central to Gilmore's claim. It is a condition precedent that Gilmore must prove, which is why he includes a "reasonableness" prong in his proposed jury instructions, (Gilmore's Proposed Jury Instructions at 1, May 8, 2015, Docket No. 90), and it cannot be waived. *Hile v. Jimmy Johns Highway 55, Golden Valley*, 899 F. Supp. 2d 843, 847 n.6 (D. Minn. 2012).

Finally, the Court acknowledges the language in its earlier Order regarding this claim, *Gilmore*, 2015 WL 1189832, at *14, and the burden placed on Gilmore of reaching this decision so close to trial. But in denying summary judgment to Dubuc on the Fourth Amendment property claim, the Court was rendering a non-final, interlocutory Order which it has the inherent power to modify at a later date. *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1070 (8th Cir. 1995) ("The district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment."); *Ng. v. HSBC Mortg. Corp.*, No. 07-5434, 2014 WL 4699648, at *3 (E.D.N.Y. Sept. 22, 2014). There is no need to proceed to trial when Gilmore's Fourth Amendment property claim necessarily fails as a matter of law. As a result, the Court will modify its prior Order, grant summary judgment to Dubuc on Gilmore's Fourth Amendment property claim, and dismiss the claim with prejudice.

It is unfortunate that this Order comes so late in the process and nearly on the eve of trial. The defendant did not raise the issue earlier and the Court did not anticipate it. Nonetheless, the Court believes this is accurate application of law which, as noted, is somewhat muddled. An appeal of this Order and the Court's rulings would surely help

clarify the law.  This ruling is based solely on the applicable law and is no reflection on the factual basis for Mr. Gilmore's claims.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Memorandum Opinion and Order on Defendants' Motion for Summary Judgment dated March 16, 2015 [Docket No. 85] is **MODIFIED** as follows:

1. The defendants' Motion for Summary Judgment [Docket No. 61] as to Gilmore's Fourth Amendment seizure-of-property claim is **GRANTED**.

2. Gilmore's Fourth Amendment seizure-of-property claim is **dismissed with prejudice**.

3. The trial in this matter, scheduled for June 16, 2015, is canceled.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  June 10, 2015  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge